IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIANE FORD,                              §
                                         §
                        Plaintiff,       §
                                         §   Civil Action No. 3:14-CV-1872-D
VS.                                      §
                                         §
UNITED PARCEL SERVICE, INC.              §
(OHIO),                                  §
                                         §
                        Defendant.       §

MEMORANDUM OPINION
AND ORDER

The instant motion to remand presents the question whether the removing defendant

has demonstrated by a preponderance of the evidence that the amount in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs.  Concluding that the defendant

has met this burden, the court denies the motion.

I

Plaintiff Diane Ford ("Ford") is a Texas citizen.[1]  She filed this lawsuit in Texas state

court against defendant United Parcel Service, Inc. (Ohio) ("UPS"), an Ohio corporation that

---

[1]UPS alleges in its notice of removal that Ford is a *resident*, rather than a *citizen*, of
Texas.  *See* Notice of Removal ¶ 4(a) ("Plaintiff is a resident of the State of Texas.").  An
allegation of residency is inadequate to invoke this court's jurisdiction.  *See Neeley v.
Bankers Trust Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985) (holding that plaintiff's
complaint failed to establish diverse citizenship because "[a]n allegation of residency,
however, does not satisfy the requirement of an allegation of citizenship").  Accordingly, the
court orders UPS to file an amended notice of removal within 21 days of the date this
memorandum opinion and order is filed to correct this procedural deficiency.

maintains its principal place of business in Georgia,[2] alleging a claim for sex discrimination, in violation of the Texas Commission on Human Rights Act.  UPS removed the case based on diversity of citizenship.  Ford moves to remand, contending that because she included statements in her original petition ("petition") purporting to limit her recovery to $74,000 or less, UPS cannot meet the requirement of 28 U.S.C. § 1332(a)(1) that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  Ford also points to her declaration, executed after removal, in which she states that she agrees to limit her recovery to $74,000, exclusive of interest and costs.

## II

As the removing party, UPS "has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Carnes v. Data Return, L.L.C.*, 2005 WL 265167, at *1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)).  "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)).  "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971) (quoting *Healy v. Ratta*,

---

[2]Although plaintiff's original petition alleges that UPS is a Texas corporation with its principal place of business in Houston, Texas, Ford does not contest UPS's allegation in its notice of removal that UPS is an Ohio corporation with its principal place of business in Georgia.

292 U.S. 263, 270 (1934)).  "The federal removal statute, 28 U.S.C. § 1441, is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns."  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)).   "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  The district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1).

III

Both sides agree that the parties in this case are diverse.[3]  The only issue is whether the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

A

Ford argues that the amount in controversy requirement is not met because her state court petition affirmatively limits the damages she seeks to a maximum of $74,000, exclusive

---

[3]For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).  Diversity of citizenship is not an issue in Ford's motion to remand.

of interest and costs, and because she has submitted a post-removal declaration agreeing to limit her recovery to $74,000.  UPS responds that the allegations of Ford's petition are not binding and were made in bad faith to attempt to evade federal jurisdiction.  It also maintains that the face of Ford's petition and the unrebutted evidence that it has submitted establish that the amount in controversy exceeds $75,000.

When a defendant seeks to remove on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the plaintiff in her state court petition.  *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.").  But when, in contravention of state law, a plaintiff specifically alleges that her damages will not exceed the jurisdictional amount, her pleading is not made in good faith and the deference typically afforded the plaintiff's pleading does not apply.  *See De Aguilar*, 47 F.3d at 1410 (noting that "the face of the plaintiff's pleading will not control if made in bad faith," and criticizing manipulative tactics by plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal).  Tex. R. Civ. P. 47(c) requires that Texas plaintiffs plead in certain predefined damage ranges: e.g., "only monetary relief of $100,000 or less," or "monetary relief over $100,000 but not more than $200,000."  But Ford pleaded in her petition for all damages available, "provided, Plaintiff seeks a final judgment, exclusive of interest and costs, not to exceed $74,000."  Pet. ¶ 65.  There is no provision in Rule 47 permitting a plaintiff to plead for damages "not to exceed $74,000," as Ford has here.

Because Ford has purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction, her pleading is not in good faith, and the sum claimed in her petition does not control.

In this circumstance, a removing defendant can show by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum. *See De Aguilar*, 47 F.3d at 1411. This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). UPS has satisfied this requirement by presenting evidence that supports a finding that the amount in controversy exceeds the jurisdictional threshold.

In Ford's petition, she pleaded for back pay, front pay, compensatory damages, punitive damages, and attorney's fees. UPS has attached to its notice of removal the declaration of Keisha Lee Cavil, a UPS Human Resources Operations Manager and custodian of records. Cavil avers that Ford was administratively terminated on April 14, 2014, but had not worked for UPS since January 2, 2013, and that Ford's final rate of pay on January 2, 2013 was $16.30 per hour. UPS also cites Ford's petition, in which she alleges that she worked five hours per day, five days per week. Estimating that this case will go to trial one year from the date of filing, UPS calculates its potential back pay liability at $46,920. And if this case instead goes to trial on the date proposed by the parties in their joint scheduling

- 5 -

proposal, UPS's potential liability for back pay alone would be $57,050. When Ford's claims for front pay, compensatory damages, punitive damages, and attorney's fees are also taken into account, it is more likely than not that the amount in controversy here exceeds the sum or value of $75,000, exclusive of interest and costs. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (affirming finding that alleged compensatory damages or punitive damages alone in wrongful termination case would exceed $75,000); *Wilson v. Hibu Inc.*, 2013 WL 5803816, at *3-4 (N.D. Tex. Oct. 28, 2013) (Lindsay, J.) (applying common sense analysis and concluding that it was facially apparent that plaintiff's claims in wrongful termination case for back pay, front pay, compensatory damages, punitive damages, attorney's fees and expert fees more likely than not exceeded $75,000).

## B

Once a defendant shows that the amount in controversy more likely than not exceeds the jurisdictional amount, "the plaintiff must be able to show that, as a matter of law, it is certain that [the plaintiff] will not be able to recover more than the damages for which [she] has prayed in the state court complaint." *De Aguilar*, 47 F.3d at 1411. The Fifth Circuit has suggested that a plaintiff may meet this obligation by citing to a state law prohibiting recovery of damages in excess of those sought in the petition. *Id.* at 1412. In the absence of such a statute, "'[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints[.]'" *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)). Ford neither seeks to conclusively rebut any of the evidence that UPS has submitted nor does she point to a statute precluding recovery in excess of the

amount pleaded.  Instead, Ford relies on the allegations of her petition that she is seeking an amount "not to exceed $74,000," and she maintains that these statements are binding stipulations that preclude removal.  Ford also points to her declaration, executed post-removal, in which she agrees to limit her recovery to $74,000.  But neither the allegations of Ford's petition nor her post-removal declaration are sufficient to support remanding the case.

Regarding the allegations of Ford's petition, in Texas

> [i]t is the general rule that the pleadings in a particular case, for the purpose of use as such in that case, are to be regarded as judicial admissions. . . .  It is also the general rule that when a pleading has been abandoned, superseded, or amended, it ceases to be a judicial pleading, and therefore ceases to be a judicial admission.

*Kirk v. Head*, 152 S.W.2d 726, 729 (Tex. 1931), *superseded on other grounds by* Tex. R. Evid. 801(e)(2) *as recognized in Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007).  Tex. R. Civ. P. 63 allows Texas litigants to amend their pleadings at any time without leave of court, so long as the amended pleadings are filed prior to seven days before trial and do not operate as a surprise to the opposing party.  *See Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 941 (Tex. 1990) (noting that Texas courts may even permit post-verdict amendments of pleadings to conform amount of damages requested to damages awarded by jury).  Although the allegations of Ford's petition are binding judicial admissions for the time being, they will cease to be "conclusive and indisputable judicial admissions" if she chooses to amend or supersede her petition, as the Texas rules give her

- 7 -

considerable latitude to do.  *See Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (noting that "[c]ontrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions").  Because the allegations of Ford's petition are only binding judicial admissions so long as they are not amended or superseded, they are not sufficient to constitute the kind of "binding stipulation or affidavit" necessary to preclude removal.  *See De Aguilar*, 47 F.3d at 1410 (noting that plaintiff's ability to avoid federal jurisdiction by suing for less than the jurisdictional amount is "premised on the notion that the plaintiff [will] not be able to recover more in state court than what was alleged in the state court complaint").[4]

Ford's post-removal declaration is also unavailing.  In determining the amount in controversy, a court must evaluate the jurisdictional facts "as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached."  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).  Because Ford failed to include her declaration with her petition and instead filed it with her reply to defendant's response to her motion to remand, the court cannot consider her declaration as a jurisdictional fact precluding removal.  And although consideration of a post-

---

[4]In support of her argument, Ford relies heavily on *Richard v. Time Warner Cable Media, Inc.*, 960 F.Supp.2d 659 (N.D. Tex. 2013) (Lynn, J.).  "[T]he undersigned invariably gives serious and respectful consideration to the decisions of other judges of this court on questions of law—and typically follows them because they are usually correct and because predictability in such matters is desirable."  *SEC v. Cuban*, 798 F.Supp.2d 783, 788 (N.D. Tex. 2011) (Fitzwater, C.J.).  To the extent, however, that this memorandum opinion and order and *Richard* are in tension, the court respectfully disagrees with *Richard*.

removal affidavit or declaration can be considered to clarify an otherwise ambiguous basis for jurisdiction, *see Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir. 1993)), there is no such ambiguity here. Therefore, the court is precluded from considering Ford's post-removal declaration as evidence of the amount in controversy or as a binding stipulation precluding removal.

UPS has proved by a preponderance of the evidence that Ford's damages more likely than not exceed $75,000, exclusive of interests and costs. Ford has failed to show that, as a matter of law, it is certain that she will not recover more than the jurisdictional threshold.

\* \* \*

For the reasons explained, the court denies Ford's motion to remand. It orders UPS to file an amended notice of removal within 21 days of the date this memorandum opinion and order is filed. *See supra* note 1.

**SO ORDERED.**

August 21, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 9 -